**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

ETERGRA, INC.,

Case No. 25-24345-EPK
Chapter 11

Debtor. /

**MOTION TO STRIKE TO CORRECT DEBTOR'S SCHEDULES, MOTION TO TURN OVER NON-ESTATE JOINT VENTURE PROCEEDS, AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Comes now, Coover-Clark Associates, Inc. ("Coover-Clark"), by and through their undersigned counsel, Michael A. Kaufman, Esq., files this Motion to Strike to Correct Debtor's Schedules, Motion to Turn Over Non-Estate Joint Venture Proceeds, and Motion from Relief from the automatic Stay and states as follows:

## I. JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).
3. Venue is proper in this District.

## II. FACTS

4. Debtor filed its petition and schedules, including Schedule A/B (DE #1).
5. On page 12 of 52, Question 15, Debtor lists a non-publicly traded business interest identified as "Etergra-CooverClark JVI, LLC."
6. The disclosure implies that Debtor holds a 51% ownership interest in the referenced joint venture.
7. The disclosure is inaccurate.

## III. JOINT VENTURE OWNERSHIP

8. Etergra-CooverClark JVI, LLC (the "Joint Venture") is governed by a written Joint Venture Agreement (attached hereto as Exhibit "A") and Operating Agreement (attached here to as Exhibit "B").

9. Under the Joint Venture Agreement it states:

    a. Debtor owns 50%; and

    b. Coover-Clark owns 50%.

10. Although the Operating Agreement references 51% (Debtor) and 49% (Coover-Clark) between the parties, this is a scrivener error. Furthermore, the Operating Agreement states in paragraph 1.2 that if there is a conflict or ambiguity between the Operating Agreement and Joint Venture agreement, the Joint Venture Agreement shall prevail over the Operating Agreement.

11. Debtor does not hold a majority, controlling, or unilateral interest in the Joint Venture.

12. The schedules do not accurately reflect Debtor's ownership interest in the Joint Venture.

## IV. JOINT VENTURE PROCEEDS

13. Upon information and belief, funds in the amount of $64,611.97 was paid to Debtor. Attached hereto is the invoice from the Joint Venture as Exhibit "C".

14. The funds constitute Joint Venture proceeds payable to the Joint Venture, not to the Debtor.

15. Debtor received the funds outside the allocation provisions of the governing agreements.

16. The Joint Venture has an equitable lien of proceeds of $64,611.97 of the Property.

## V. REQUEST FROM RELIEF OF THE AUTOMATIC STAY PROPERTY OF THE ESTATE

17. Under 11 USC § 362(d)(1) there is cause since the Debtor has no equity in the property in the Joint Venture funds.
18. Furthermore, under § 362 (d)(2) the Debtor does not have equity in such property and Joint Venture funds, and such property is not necessary for an effective reorganization of the property.
19. Attached hereto as Exhibit "D" to this Motion is the Declaration of Charles David Clark of Clover-Clark.
20. Under 11 U.S.C. § 541, property of the estate includes only the Debtor's legal and equitable interests as of the petition date.
21. Joint Venture property and proceeds are not property of the estate.
22. Debtor's receipt of Joint Venture funds does not convert those funds into estate property.

## VI. RELIEF UNDER RULE 1009 AND § 542

23. Fed. R. Bankr. P. 1009 authorizes the Court to require correction of inaccurate schedules.
24. 11 U.S.C. § 542 requires the turnover of property that the Debtor is not entitled to retain.
25. The Creditor request relief from the Automatic stay as it relates to Joint Venture funds.
26. The $64,611.97 received by Debtor must be turned over to the Joint Venture.

## VII. RELIEF REQUESTED

**WHEREFORE**, Coover-Clark Associates, Inc. respectfully requests that the Court enter an Order:

A. Striking or requiring amendment of Schedule A/B (DE #1), page 12, Question 15;

B. Requiring Debtor to amend its schedules to reflect a 50% non-controlling interest in Etergra-CooverClark JVI, LLC;

C. Ordering Debtor to turn over $64,611.97 to the Joint Venture (or its designated account);

D. Declaring that the funds are not property of the estate; and

E. Granting such other relief as is appropriate.

Dated this 5th day of February 2026

Respectfully submitted,
**MICHAEL A. KAUFMAN, PA**

By: */s/ Michael A. Kaufman*

Michael A. Kaufman, Esquire
Florida Bar Number: 628042
1615 Forum Place, Suite 200
West Palm Beach, Florida 33401
561-478-2878 – Telephone
561-584-5555 – Fax
michael@mkaufmanpa.com
*Attorney for Coover-Clark Associates, Inc.*