**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

IN RE:

CASE NO.: 25-24345-EPK
CHAPTER 11

ETEGRA, INC.,

Debtor.

_______________________________/

**AFFIDAVIT OF ADITI ALLADY**

STATE OF Florida )
) ss:
COUNTY OF Palm Beach )

**ADITI ALLADY** being duly sworn, hereby deposes and says:

1. My name is Aditi Allady. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this affidavit.

2. I make this declaration in support of confirmation of the Amended Plan of Reorganization dated July 16, 2026 (the "Plan").

3. I am familiar with and participated in the negotiations and preparation of the Plan, as well as the documents related thereto. More specifically, I was directly responsible for supervising the preparation of these documents and I reviewed them for accuracy and completeness.

4. The Plan includes the following principal features:

a. The secured claim of the U.S. Small Business Association (Claim #11) in the amount of $436,230.97 is secured by a blanket lien on the Debtor's personal property assets. The Debtor shall make regular monthly payments on this obligation in the amount of $7,984.74 at the contract rate of interest of 3.75%.

b. The secured claim of First Insurance Funding (Claim #10) in the amount of $9,785.70 is for an insurance premium finance agreement and is secured by a first priority lien on and security interest in the financed policies (defined within the claim). The Debtor shall continue to make regular payments pursuant to the terms of the loan documents. No distribution shall be made under this Plan.

c. The Department of the Treasury – Internal Revenue Service initially filed a claim in the amount of $1,460,464.10 (Claim #16) for unpaid FICA and FUTA taxes for

returns that the IRS indicates have not been filed. That claim has been resolved and the IRS amended the claim accordingly.

d. The Texas Comptroller of Public Accounts filed a priority claim in the amount of $5,246.91 (Claim #16) for franchise taxes. The Debtor shall pay this claim over twelve (12) months at the statutory rate of interest $455.81 per month.

e. The General Unsecured claims include all other allowed claims of Unsecured Creditors of the Debtor, subject to any Objections that are filed and sustained by the Court. The general unsecured claims prior to the filing of any objections total the amount of $16,050,469.48, which will be paid over the five (5) year term of the Plan at the rate of $1,000.00 per month on a pro-rata basis.

f. There shall be no distribution to the equity holders of ETEGRA, INC. under the confirmed Plan and no dividends to this class of claimants. At the time of the filing of the case, the shareholders were (i) me, Aditi Allady (80,600 shares), Joseph Carter (400 shares), Sonnie Kishna-Sencerea (300 shares), Thandava Murty (3,000 shares) and Andrew Kishna (15,000). For several years (both pre-petition and post-petition), Joseph Carter, Sonnie Kishna-Sencerea, Thandava Murty and Andrew Kishna have not attended shareholder meetings, contributed to the Debtor's operations, whether monetarily or nonmonetarily, or otherwise remained actively involved in the company. Accordingly, through their actions and failure to be involved in the Debtor's operations, it is deemed that they have forfeited their shares to the active shareholder, Aditi Allady. New share certificates shall be issued accordingly.

<u>Liquidation Analysis</u>

1. As set forth in the liquidation analysis attached in the Disclosure Statement, I self-valued the Debtor's assets.

2. As set forth in the analysis contained in the Disclosure Statement, in the event of a conversion to a Chapter 7, I believe that the Debtor's assets are insufficient to satisfy the secured claims and there would be no funds available to the general unsecured creditors in the unfortunate event of a conversion to a Chapter 7 liquidation proceeding.

3. I believe that in Chapter 7, there would be limited or no resources to fund the remaining unsecured creditors. Predicated upon the foregoing and under a comparison of Chapter 11 reorganization versus Chapter 7 liquidation, I believe that the creditors will receive substantially more under this Chapter 11 Plan than they would under a Chapter 7 proceeding.

<u>Feasibility</u>

1. Based on the projections of the Debtor's anticipated income. I believe that I will be able to meet my obligations under the Plan and that I will be able to make my plan payments when

due.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of August 2026.

**Debtor in Possession**
**Etegra, Inc.**

By: ______________________
Aditi Allady

SWORN TO AND SUBSCRIBED BEFORE ME this 27 day of August 2026, by Aditi Allady who ☒ appeared in person ☐appeared by audiovisual communication and is ☐personally known to me ☒produced FLDL as identification and who did/did not take an oath.

GABRIELLA MOWREY-EBERLY
MY COMMISSION # HH 809442
EXPIRES: June 3, 2030

______________________
Notary Public State of Florida
My commission expires: June 3, 2030