**ORDERED in the Southern District of Florida on September 16, 2026.**

**Erik P. Kimball**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re: Case No.: 25-24345-EPK
Chapter 11

ETEGRA, INC.,

Debtor.
_______________________________/

**ORDER APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

The Court having held an evidentiary hearing on September 9, 2026 and September 15, 2026 to consider confirmation of the Debtor's Amended Plan of Reorganization (the "Plan") [Dkt. No. 81] dated July 16, 2026, and final approval of the Disclosure Statement (the "Disclosure Statement") [Dkt. No. 82] under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Code"); and

The Plan and Disclosure Statement and all amendments filed in connection therewith

having been transmitted to creditors and equity security holders and it having been determined after hearing on notice that:

1. The Plan and Disclosure Statement and all amendments filed in connection therewith have been accepted in writing by the creditors and equity holders whose acceptance is required by law and/or any objections to the Plan have been overruled, withdrawn, or resolved by agreement as reflected in this Order. The limited objection of Andrew Kishna [Dkt. No. 131] is resolved by agreement solely as to Articles VI and X of the Plan, and solely upon and by reason of the entry of this Order containing the provisions set forth herein. The objection of Coover-Clark [Dkt. No. 119] was withdrawn [Dkt. No. 147]. The amendments to the Plan set out in this Order do not materially negatively impact the likelihood of any proposed distribution to any class of creditors or equity security holders under the Plan. All prior acceptances are deemed acceptances of the Plan as amended.

2. The Debtor filed an Exhibit Register [Dkt. No. 145] in support of the confirmation request with six (6) exhibits attached thereto. Debtor's counsel presented each of the exhibits during the hearing in support of the Plan and the Court admitted all of the Debtor's proposed exhibits into evidence.

3. The provisions of Chapter 11 of the Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law.

4. The Plan is modified pursuant to 11 U.S.C. § 1127(a) as follows:

**Article III**

**Class One (U.S. Small Business Association):** The secured claim of the U.S. Small Business Association (Claim #11) in the amount of $436,230.97 is secured by a blanket lien on the Debtor's personal property assets. The Debtor shall make regular monthly payments on this obligation in the amount of $7,984.74 at the contract rate of interest of

3.75%. The unsecured portion of the claim shall receive a *pro rata* distribution in Class Five. The claim is impaired.

**Class Five (General Unsecured Claims)**: The General Unsecured claims include all other allowed claims of Unsecured Creditors of the Debtor, subject to any Objections that are filed and sustained by the Court. The general unsecured claims prior to the filing of any objections total the amount of approximately $16,050,469.48. Holders of general unsecured claims will receive a dividend over the five (5) year term of the Plan consisting of their *pro rata* share of $1,000.00 per month. Payments will commence on the Effective Date of the Plan. The dividend to this class of creditors is subject to change upon the determination of objections to claims. To the extent that the Debtor is successful or unsuccessful in any or all of the proposed Objections, then the dividend and distribution to each individual creditor will be adjusted accordingly. This class is impaired. Any allowance of the claim of Andrew Kishna shall be for bankruptcy purposes only and shall in no way be deemed an admission of liability or damages as to any non-debtor parties. Andrew Kishna has not voted to accept or reject the Plan and does not consent to any release, exculpation, injunction, or other relief in favor of any non-debtor person or entity, or to any finding concerning his conduct, contributions, or equity interest. He does not oppose confirmation. Any allowance of Claim No. 8, whenever and in whatever amount determined, is for purposes of distribution under this Plan only, is allowed as a general unsecured claim asserting no priority under 11 U.S.C. § 507, and is on account of the contract-based components of the claim only. No part of any allowance is on account of, and no distribution under the Plan compensates, any claim against any non-debtor arising from any personal guaranty by Andrew Kishna of an obligation of the Debtor. Such allowance is without prejudice to Andrew Kishna's direct claims against non-debtor

persons and entities, however, subject to the terms herein, the discharge injunction within the Plan will apply in all respects as to any and all claims of Andrew Kishna as to the Debtor and the Reorganized Debtor only.

**Article V**

5.2 Upon the entry of the Confirmation Order, the Reorganized Debtor shall be vested with all the Debtor's rights, title, and interests in the assets of ETEGRA, INC, which shall operate under the name of ETEGRA SERVICES, INC., as a Reorganized Debtor, free and clear of all claims and interests of Creditors, except as otherwise provided herein. Nothing in this Section affects any claim against any person or entity other than the Debtor. The tax provisions and exemptions of 11 U.S.C. § 1146 shall apply to all transactions contemplated by this Plan.

**Article VI**

6.1 The Reorganized Debtor will continue to operate as ETEGRA SERVICES, INC. and be managed by Smart Infrastructure Group, LC. The CEO is Achyut Kumar Allady. At the time of the filing of this case, the shareholders were Aditi Allady (80,600 shares), Joseph Carter (400 shares), Sonnie Kishna-Sencerea (300 shares), Thandava Murty (3,000 shares), and Andrew Kishna (15,000 shares). New share certificates shall be issued in the Reorganized Debtor of ETEGRA SERVICES, INC., in which the sole shareholder will be Aditi Allady as of the Effective Date, based upon her new value contributions to the Debtor during this chapter 11 case.

**Article X**

10.1 Discharge: Except as otherwise provided in this Plan, confirmation of the Plan shall be deemed to have discharged the Debtor, and its professionals, pursuant to Section 1141(d)(1) of the Code from any claim that arose on or prior to the Confirmation Date, and

any claim of a kind specified in Section 502(g), (h) or (I) of the Bankruptcy Code whether or not: (i) a proof of the claim is filed or deemed to be filed under Sections 501 and 1111(a) of the Bankruptcy Code; (ii) such claim is allowed under Section 502 of the Bankruptcy Code; or (iii) the holder of such claim has accepted the Plan. The reference to professionals herein is limited to the professionals approved by the Bankruptcy Court to represent the Debtor in this Chapter 11 case. Other than such bankruptcy professionals retained by the Debtor in this Chapter 11 case, nothing herein shall be interpreted to include non-debtors within the relief provided in this section. Furthermore, nothing herein shall impair or waive the rights to any claims of creditors against non-debtor persons or entities. Notwithstanding any other provision of the Plan, the Disclosure Statement, or this Order, nothing herein discharges, releases, exculpates, enjoins, estops, impairs, or otherwise affects any direct claim, cause of action, defense, or right of Andrew Kishna against any person or entity other than the Debtor, the Reorganized Debtor, and/or the professionals retained by the Debtor in this Chapter 11 case.

5. With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that are impaired under the Plan, and had not accepted the Plan; and

6. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case have been fully disclosed to the Court and

are reasonable or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

7. The identity, qualifications, and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor, after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable and consistent with the interests of the creditors and equity security holders and with public policy; and

8. The identity of any insider that will be employed or retained by the Debtor and compensation to such insider has been fully disclosed; and

9. The confirmation of the Plan is not likely to be followed by the reorganization, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such reorganization or further reorganization is proposed in the Plan.

**IT IS THEREFORE:**

**ORDERED** that the Debtor's Amended Disclosure Statement [Dkt. No. #82] is APPROVED on a final basis pursuant to 11 U.S.C. § 1125; and it is further

**ORDERED** that the Plan [Dkt. No. 81] as amended in this Order is hereby **CONFIRMED**; and it is further

**ORDERED** that the Court shall retain jurisdiction as provided in the Plan until all plan payments are made and the Debtor receives a discharge; and it is further

**ORDERED** that the Debtor shall pay to the United States Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) for pre-confirmation periods through the Effective Date of the Plan. Furthermore, the reorganized Debtor shall file on the Effective Date a notice of payments made to creditors and notice that the plan has been substantially consummated. In the event Debtor fails to make payment in full on the Effective Date, Debtor's counsel shall contact

chambers to set a post confirmation status conference, and it is further

**ORDERED** that the law firm of KELLEY KAPLAN DELANEY & ELLER, PLLC, is named as disbursing agent; bond is waived; the disbursing agent is directed to make all first installment payments on or before the Effective Date of the Plan, or as otherwise directed in the Plan. On or before sixty (60) days after this Order becomes final, the disbursing agent shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form; and it is further

**ORDERED** that to the extent of any conflict between this Order and the Plan, including Section 12.5 of the Plan, this Order controls; and it is further

**ORDERED** that this Order makes no finding as to the amount, validity, priority, allowance, or disallowance of Claim No. 8, and such claim shall be allowed and treated as a Class Five general unsecured claim pursuant to the Plan for bankruptcy distribution purposes only and for no other purpose whatsoever. The Plan treatment and allowance of Claim No. 8 shall not be deemed as an admission of liability or damages as to any non-debtor parties; and it is further

**ORDERED** that the discharge under Section 1141(d) of the Code and any injunction arising under the Plan, this Order, or 11 U.S.C. § 524(a) are modified to the extent necessary to permit Andrew Kishna to commence and prosecute to final judgment an action nominally naming the Debtor and asserting claims previously asserted in Kishna v. Etegra, Inc., et al., No. 23SL-CC02858 (Cir. Ct. St. Louis Cnty., Mo.) against third parties only. The Debtor and the Reorganized Debtor shall not be required to defend or appear in the foregoing lawsuit. The discharge and injunction otherwise remain in full force and effect. Any judgment so obtained shall not be enforced by execution, garnishment, levy, lien, setoff, or otherwise against the Debtor, the Reorganized Debtor, or any of their property. The Debtor retains all defenses to the claims so asserted. Nothing in this paragraph affects any claim against, or the liability of, any person or

entity other than the Debtor; and it is further

**ORDERED** that this Order shall be effective immediately upon its entry and, in accordance with Federal Rules of Bankruptcy Procedure 3020(e), 6004(h) and 6006(d), this Order shall not be stayed.

**ORDERED** that the Court reserves jurisdiction to enforce the terms of this Order and the provisions of the confirmed Plan.

###

**Submitted by:**
Dana Kaplan, Esquire
Kelley, Kaplan Delaney & Eller, PLLC
1555 Palm Beach Lakes Blvd., Suite 1000
West Palm Beach, FL 33401
Tel. No. (561) 491-1200
Fax No. (561) 684-3773
E-mail: bankruptcy@kelleylawoffice.com

**Copies furnished to:**

*Dana Kaplan, Esq., is directed to serve copies of this order on all interested parties and file a Certificate of Service.*